# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### CIVIL NO. 3:04-CV-551-W

| | | |
|---|---|---|
| **ODELIA BRUCE-KUHNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MAXIM HEALTH SYSTEMS, LLC,** | ) | |
| **MAXIM HEALTHCARE SERVICES,** | ) | |
| **INC., NORTH CAROLINA** | ) | |
| **DEPARTMENT OF JUVENILE** | ) | |
| **JUSTICE AND DELINQUENCY** | ) | **ORDER** |
| **PREVENTION, GEORGE L. SWEAT, in** | ) | |
| **his official capacity as SECRETARY of** | ) | |
| **the NORTH CAROLINA** | ) | |
| **DEPARTMENT OF JUVENILE** | ) | |
| **JUSTICE AND DELINQUENCY** | ) | |
| **PREVENTION, and STONEWALL** | ) | |
| **JACKSON YOUTH DEVELOPMENT** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER comes now before the Court on the motion of Defendants North Carolina Department of Juvenile Justice and Delinquency Prevention, George L. Sweat, and Stonewall Jackson Youth Development Center (the "State Defendants" or "State"), to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 6). Both Plaintiff and Defendants Maxim Health Systems, LLC, and Maxim Health Services, Inc. (the "Maxim Defendants" or "Maxim"), have responded in opposition to the motion. Because all defendants have filed answers in this case, the Court will convert the motion now under

consideration into a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

When considering a motion for judgment on the pleadings, the factual allegations of the complaint are taken as true, while those of the answer are taken as true only to the extent that they do not conflict with the complaint. Jadoff v. Gleason, 140 F.R.D. 330, 331-32 (M.D.N.C.1991). Otherwise, a motion for judgment on the pleadings is treated the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir.2002). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In making this determination, a court must view the facts in the light most favorable to the plaintiff. Randall v. United States, 30 F.3d 518, 522 (4th Cir.1994). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).

The facts when viewed in the light most favorable to the non-moving parties are briefly summarized as follows: Plaintiff, a female Registered Nurse, was hired by Maxim in August 2003. (Compl. ¶ 12.) Maxim, evidently a State contractor, placed Plaintiff to work as a Registered Nurse at the Stonewall Jackson Youth Development Center, where she allegedly became subject to sexual harassment by the director of the facility. (Compl. ¶ 12.) The Stonewall Jackson Youth Development Center is a facility operated by the North Carolina Department of Juvenile Justice and Delinquency Prevention in Concord, North Carolina. (State's Answer ¶ 6.)

Although the facility director is not specifically named in the complaint, nor do the pleadings establish the identity of his employer, it is a fair inference that he was employed by the State and not by Maxim. Likewise, it can be inferred that when Plaintiff first complained of the harassment in October 2003, she looked primarily to the State for relief from the adverse working conditions. This conclusion is buttressed by the State's answer, which admits that Plaintiff complained to its agents (not Maxim's) about being sexually harassed by an individual identified as Walter Rogers. (State's Answer ¶ 13.)

Plaintiff then alleges that her work environment became hostile during the ensuing months and that ultimately she was discharged from her position as Registered Nurse in retaliation for complaining about the harassment. (Compl. ¶ 14.) The complaint vaguely alleges that "Defendants" (collectively) were responsible for the employment decision and are culpable for any retaliation. (Compl. ¶¶ 7, 14.) Plaintiff filed charges of discrimination with the EEOC (one naming Maxim and one naming the North Carolina Department of Juvenile Justice and Delinquency Prevention) on 21 January 2004, and filed this lawsuit on 28 October 2004 upon being issued right to sue notices.

Because this action is brought under Title VII of the Civil Rights Act of 1964 as amended, subject matter jurisdiction is authorized by 28 U.S.C. §§ 1331 and 1343, and personal jurisdiction over the State Defendants exists in this judicial district. Moreover, all administrative remedies appear to have been properly exhausted as against both Maxim and the State. (Doc. No. 10, Ex. A.) The State's argument for dismissal, therefore, appears to be grounded entirely on the premise that it should not assume any liability in this case because it was not Plaintiff's "employer."

Although the complaint alleges that Maxim "employed" her (Compl. ¶ 12), the pleadings also

establish that she was "placed" to work at the State facility (id.; State's Answer ¶ 12). Guided by the broad, remedial purpose of Title VII, courts have recognized that joint employment situations exist wherein a cause of action may lie against an entity which controls significant aspects of an individual's conditions of employment but which is not necessarily an employer in the conventional, contractual sense. Magnuson v. Peak Technical Services, Inc., 808 F. Supp. 500, 508-09 (E.D. Va. 1992). Thus, a defendant may be held liable for gender discrimination if it (1) falls within Title VII's statutory definition of employer and (2) exercises substantial control over significant aspects of the compensation, terms, conditions, or privileges of the plaintiff's employment. Id. at 507.

Here, the State Defendants admit that they meet the statutory definition of "employer" as set forth in 42 U.S.C. § 2000e(b). (State's Answer ¶ 10.) Furthermore, when all factual allegations and reasonable inferences are viewed in the light most favorable to Plaintiff, it appears that Plaintiff looked primarily to the State Defendants for relief from the alleged adverse employment conditions (State's Answer ¶ 13), a clear indicia that they had some level of control over the terms and conditions of Plaintiff's employment. Thus, it is impossible for the Court to conclude from the pleadings that Plaintiff will be unable to prove facts sufficient to impose Title VII liability upon the State Defendants. Certainly, the State facility cannot avoid Title VII liability simply because it contracts with an independent placement agency to provide nursing services there. Accord Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1340-42 (D.C. Cir. 1973).

In consideration of the foregoing, it is now, therefore, ORDERED that the State Defendants' motion to dismiss (Doc. No. 6) is DENIED. The stay of discovery entered by Court Order pending decision on the motion to dismiss is hereby lifted. Counsel for the parties are DIRECTED to confer

pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, and jointly file a certification of initial attorney's conference and a proposed discovery plan on or before 1 December 2006.

IT IS SO ORDERED.

Signed: November 5, 2006

Frank D. Whitney
United States District Judge